# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

MALISA DAVIS,

       Plaintiff,

v.

GOJET AIRLINES, LLC,

       Defendant.

C.A. No.

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, Malisa Davis ("Davis"), by and through her attorneys, complains against Defendant GoJet Airlines ("GoJet" or "Company") as follows:

### NATURE OF ACTION

1. This is an action for damages and injunctive relief caused by the Company's unlawful termination of Davis, in violation of Section 105 of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2615 ("FMLA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction of this action under 28 U.S.C. § 1331 and 29 U.S.C. § 2617.

3. The unlawful employment practices described herein were committed within St. Louis, Missouri. Accordingly, venue in the Eastern District of Missouri is proper pursuant to 28 U.S.C. § 1391(b).

### PARTIES

4. Davis was employed by GoJet from on or about September 12, 2012 until her termination on or about December 4, 2013. Davis was an "employee" of GoJet within the

meaning of 29 U.S.C. § 2611(2)(A) at the time she was terminated. Davis is an "eligible employee" under 29 U.S.C. § 2611(2)(B)(ii), because GoJet employs more than 50 employees within 75 miles of her worksite.

5. GoJet is a limited liability company doing business in the State of Missouri, engaged in an industry affecting commerce. The Company has an office located at 11495 Navaid Road, Suite 303, Bridgeton, Missouri 63044. GoJet was the "employer" of Davis within the meaning of 29 U.S.C. § 2611(4)(A) at all times relevant to this action.

## FACTUAL ALLEGATIONS

6. Davis began working for GoJet on or about September 12, 2012. At the time she was terminated, Davis was employed as a flight attendant. Throughout her employment, Davis performed her job satisfactorily.

7. In the year prior to December 2013, Davis worked for GoJet on a full-time basis. She normally worked three or four shifts per week, with each shift lasting approximately twelve hours.

8. As a flight attendant, Davis was only paid for actual "flight" time. On average, GoJet promised and paid her for seventy hours per month.

9. During the twelve month period prior to December 2013, Davis worked and/or was paid for at least sixty percent of her total monthly guarantee.

10. During the twelve month period prior to December 2013, Davis worked and/or was paid for at least 504 hours.

11. GoJet employs hundreds of employees throughout North America. The Company employs more than 50 employees within 75 miles of its Bridgeton, Missouri headquarters.

12. On December 1, 2013, Davis experienced extreme pain on her right side, vomiting, and passed out.

13. Davis went to the emergency room, and was admitted to the hospital.

14. Davis remained hospitalized until December 5, 2013. While in the hospital Davis underwent multiple procedures to determine the cause of her illness.

15. Davis was also diagnosed with an abnormal heart rhythm during her hospitalization.

16. Davis was scheduled to work a flight on December 3, 2013.

17. On December 2, 2013, Davis asked her cousin to call her supervisor, Tammy Hoevel ("Hoevel"), to inform Hoevel that Davis was in the hospital, and therefore would need to miss her scheduled flight for the following day.

18. Later that same day Davis spoke directly with Hoevel. Davis explained to Hoevel that she had been admitted to the hospital because she was sick, and the doctors were trying to determine the cause of her symptoms. Davis also told Hoevel that she would not be able to work her scheduled flight the following day on December 3, 2013.

19. Hoevel told Davis that she would need to provide the Company with a note from the hospital. Hoevel did not inform Davis about the FMLA or provide Davis with any FMLA forms.

20. On December 4, 2013, while Davis was still hospitalized, GoJet terminated her employment.

21. Based upon the above, GoJet unlawfully denied Davis her rights under the FMLA, and terminated her in violation of the FMLA.

## COUNT I – FMLA INTERFERENCE

22. Plaintiff incorporates paragraphs 1 through 21, as if fully incorporated herein.

23. By December 2013, Davis was an eligible employee within the meaning of the FMLA, 29 U.S.C. § 2611(2).

24. Davis's illness and abnormal heart rhythm constituted a "serious health condition" within the meaning of the FMLA, 29 U.S.C. § 2611(11).

25. On December 2, 2013, Davis notified GoJet that she was hospitalized due to her illness.

26. Davis was entitled to medical leave for her illness and abnormal heart rhythm under the FMLA, 29 U.S.C. § 2612.

27. On December 4, 2013, GoJet terminated Davis's employment claiming the termination was for alleged attendance issues, which included FMLA-qualifying absences. GoJet's failure to inform Davis about the FMLA, and subsequent decision to terminate her, violates Davis's rights under the FMLA.

28. As a direct and proximate result of said acts, Davis has suffered and continues to suffer loss of employment, loss of income, and loss of other employee benefits.

WHEREFORE, Plaintiff Davis respectfully requests that this Court enter judgment in her favor and against Defendant GoJet by:

A. Declaring that the acts and practices by Defendant as described herein constitute a violation of the FMLA;

B. Enjoining and permanently restraining these violations of the FMLA;

C. Awarding Davis back wages and lost benefits and interest due to Defendant's violations of the FMLA;

D. Directing Defendant to reinstate Davis to her previous position or, in the alternative, awarding Davis front pay;

  E. Awarding Davis liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

  F. Awarding reasonable attorneys' fees and costs incurred by Davis in connection with the instant action; and

  G. Awarding Davis such further and additional relief as the Court may deem just and proper.

## COUNT II – FMLA RETALIATION

29. Plaintiff incorporates paragraphs 1 through 28, as if fully incorporated herein.

30. Davis was an eligible employee under the FMLA, provided notice of her serious health condition, and informed the Company that she was hospitalized.

31. Davis attempted to exercise her rights under the FMLA by having her cousin contact Hoevel on December 2, 2013 to inform Hoevel that Davis was in the hospital and would not able to work her scheduled flight on December 3, 2013.

32. Davis also attempted to exercise her rights under the FMLA by personally informing Hoevel on December 2, 2013 that she could not work her scheduled flight on December 3, 2013 because she was hospitalized.

33. Because Davis attempted to exercise her rights under the FMLA, GoJet terminated Davis's employment.

34. By terminating Davis's employment, GoJet retaliated and discriminated against Davis in violation of the FMLA, 29 U.S.C. § 2615(a)(1).

35. As a direct and proximate result of said acts, Davis has suffered and continues to suffer loss of employment, loss of income, and loss of other employee benefits.

WHEREFORE, Plaintiff Davis respectfully requests that this Court enter judgment in her favor and against Defendant GoJet by:

A. Declaring that the acts and practices by Defendant as described herein constitute a violation of the FMLA;

B. Enjoining and permanently restraining these violations of the FMLA;

C. Awarding Davis back wages and lost benefits and interest due to Defendant's violations of the FMLA;

D. Directing Defendant to reinstate Davis to her previous position or, in the alternative, awarding Davis front pay;

E. Awarding Davis liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

F. Awarding reasonable attorneys' fees and costs incurred by Davis in connection with the instant action; and

G. Awarding Davis such further and additional relief as the Court may deem just and proper.

Respectfully submitted,

Ferne P. Wolf, #29326
fw@sowerswolf.com                     MALISA DAVIS
Sowers & Wolf, LLC
530 Maryville Centre Dr., Ste. 460
St. Louis, MO  63141
Tel. (314) 744-4010                   By:/s/Ferne P. Wolf MoED 29326
Fax (314) 744-4026                       Attorney for Plaintiff


Alejandro Caffarelli
Bradley Manewith
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 North Stetson Ste. 3150
Chicago, IL  60601
Tel. (312) 540-1230
Fax (312) 540-1231