UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MALISA DAVIS, | : | |
| | : | Case No. 4:14-cv-00703-CDP |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| GOJET AIRLINES, LLC, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT GOJET AIRLINES, LLC'S**
**ANSWERS AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COMES Defendant GoJet Airlines, LLC (hereinafter "Defendant" or "GoJet"), by and through its attorneys of record, and in response to Plaintiff's Complaint states as follows:

**NATURE OF ACTION**

1. Defendant admits that Plaintiff's cause of action seeks damages and injunctive relief for alleged violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2615. Defendant denies the remaining allegations not specifically admitted in paragraph 1.

**JURISDICTION AND VENUE**

2. Defendant admits the allegations in paragraph 2 of Plaintiff's Complaint.

3. Defendant admits that it has an office in the St. Louis, Missouri metropolitan area and that venue is proper in the Eastern District of Missouri. Defendant denies the remaining allegations in paragraph 3 not specifically admitted.

**PARTIES**

4. Defendant admits that Plaintiff was employed by Defendant from on or about September 12, 2012 until her termination on or about December 4, 2013. Defendant also admits

that it employed at least 50 employees within 75 miles of Plaintiff's worksite. Defendant denies the remaining allegations in paragraph 4 not specifically admitted.

5.      Defendant admits that it is a limited liability company doing business in the State of Missouri engaged in an industry affecting commerce and that it has an office at the location stated in paragraph 5 of the Complaint.   The remaining allegations in paragraph 5 state a legal conclusion to which no response is required.  To the extent an answer is required, Defendant denies the remaining allegations contained in paragraph 5

## FACTUAL ALLEGATIONS

6.      Defendant admits that Plaintiff began working for Defendant on or about September 12, 2012 and that she was employed as a flight attendant.  Defendant denies the remaining allegations not specifically admitted in paragraph 6.

7.      Defendant denies the allegations contained in paragraph 7.

8.      Defendant denies the allegations contained in paragraph 8.

9.      Defendant admits the allegations contained in paragraph 9.

10.     Defendant admits the allegations contained in paragraph 10.

11.     Defendant admits the allegations contained in paragraph 11.

12.     Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 12, and therefore denies the same.

13.     Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 13, and therefore denies the same.

14.     Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 14, and therefore denies the same.

15. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 15, and therefore denies the same.

16. Defendant admits the allegations contained in paragraph 16.

17. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 17, and therefore denies the same.

18. Defendant denies the allegations contained in paragraph 18.

19. Defendant denies the allegations contained in paragraph 19.

20. Defendant admits that it terminated Plaintiff's employment on December 4, 2014. Defendant is without sufficient knowledge to admit or deny the remaining allegations not specifically admitted in paragraph 20 and therefore denies the same.

21. Defendant denies the allegations contained in paragraph 21.

## COUNT I – FMLA INTERFERENCE

22. Defendant incorporates each and every response set forth in paragraphs 1-21 as if fully incorporated herein.

23. The allegations in paragraph 23 state a legal conclusion to which no response is required. To the extent an answer is required, Defendant denies the remaining allegations contained in paragraph 23.

24. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 24, and therefore denies the same.

25. Defendant denies the allegations contained in paragraph 25.

26. Defendant denies the allegations contained in paragraph 26.

27. Defendant denies the allegations contained in paragraph 27.

28. Defendant denies the allegations contained in paragraph 28.

## COUNT II – FMLA RETALIATION

29. Defendant incorporates each and every response set forth in paragraphs 1-28 above as if fully incorporated herein.

30. Defendant denies the allegations contained in paragraph 30.

31. Defendant denies the allegation contained in paragraph 31.

32. Defendant denies the allegations contained in paragraph 32.

33. Defendant denies the allegations contained in paragraph 33.

34. Defendant denies the allegations contained in paragraph 34.

35. Defendant denies the allegations contained in paragraph 35.

## AFFIRMATIVE DEFENSES

A. Although Plaintiff was an at-will employee and subject to termination for any reason, there was cause, absent any alleged assertion of rights under the FMLA, for Plaintiff's discharge.

B. All of the damages allegedly sustained by Plaintiff could have been avoided by the principles of mitigation.

C. There was a legitimate business reason for all actions of Defendant that Plaintiff claims are in violation of the FMLA.

D. There is no evidence of pretext to counter Defendant's legitimate business reason for Plaintiff's termination.

E. Plaintiff's action is barred by estoppel in that Plaintiff's own failure to satisfactorily perform her job requirements and regularly show up for work caused her termination.

4

  F. To the extent, if any, Defendant is found to have violated the FMLA with respect to Plaintiff's complaint (which Defendant denies), said violation was made in good faith in that Defendant had reasonable grounds to believe its actions were not a violation of the law.

  G. Based upon the fact that Plaintiff has represented in her Complaint that she has been diagnosed with an abnormal heart rhythm, to the extent, if any, Defendant is found to have violated the FMLA with respect to Plaintiff's complaint (which Defendant denies), Plaintiff should not be awarded reinstatement, front pay or back pay until such time as she is declared fit to perform the functions of the position of Flight Attendant by a certified aeromedical professional.

  H. Litigation is at an early stage and Defendant's investigation of the allegations set forth in Plaintiff's Complaint is ongoing. Accordingly, Defendant reserves the right to raise additional affirmative defenses.

## PRAYER FOR RELIEF

  WHEREFORE for the foregoing reasons Defendant GoJet Airlines, LLC respectfully requests that Plaintiff's cause of action be dismissed in its entirely and for such other further relief as this Court deems just and proper under the circumstances.

Dated: <u>April 29, 2014</u>           Respectfully Submitted,

                     */s/ David J. A. Hayes, III*
                     David J. A. Hayes, III
                     Leslie E. Cavender
                     Trans States Holdings, Inc.
                     11495 Navaid Road, Suite 340
                     Bridgeton, MO 63044
                     (314) 222 – 4316 – telephone
                     (314) 222 – 4311 – facsimile
                     dhayes@transstates.net
                     lcavender@transstates.net
                     **Attorneys for Defendant**
                     **GoJet Airlines, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2014, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Missouri using the CM/ECF system, which will send notification of such following to the following:

Ferne F. Wolf
Sowers & Wolf, LLC
530 Maryville Centre Drive
Suite 460
St. Louis, MO 63141

Alejandro Caffarelli
Bradley Manewith
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 North Stetson, Suite 3150
Chicago, IL 60601

Attorneys for Plaintiff

                                          */s/ David J.A. Hayes, III*
                                          Attorney for Defendant

17633819.1