UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

MALISA DAVIS,

    Plaintiff,

v.

GOJET AIRLINES, LLC,

    Defendant.

Case No. 4:14-cv-00703-CDP

## FIRST STIPULATED PROTECTIVE ORDER

It appearing that certain information of Plaintiff and Defendant (hereafter the "Parties") subject to discovery in this action may be claimed to be confidential, including, by way of example and not limitation, medical, financial, marketing, research and development, and other commercial information. Now, therefore, in the interest of expediting discovery and permitting the same to proceed without delay occasioned by possible disputes regarding such claims of confidential information,

IT IS HEREBY ORDERED by this Court, that:

1. This Stipulated Protective Order shall apply to documents designated as "Confidential" by the Parties. As of the date of this Order the parties have agreed to designate medical records and medical bills of the Plaintiff as "Confidential."

2. The Parties hereafter agree that they may in good faith designate additional documents containing medical, financial, and/or other commercial information as Confidential.

3. The Parties, their attorneys, and any other person provided access to Confidential documents, shall not use any Confidential documents protected hereby for any purpose other than to prepare for and/or try this litigation, including any appeals.

4. Unless otherwise more tightly restricted by agreement of the Parties or by Court order, "Confidential Information" may be disclosed solely to the following persons:

    a. The Parties to this litigation;

    b. Counsel of record for the Parties, including the necessary clerical, paralegal, and support personnel of such persons;

    c. Actual or potential witnesses as respective counsel deem necessary for the litigation of this case, with the condition that prior to any disclosure to such person he/she shall be informed of the terms of this Stipulated Protective Order;

    d. Independent experts or consultants (including jury and/or trial consultants) engaged in the preparation and prosecution of a Party's claims or defenses in this action, with the condition that prior to any disclosure to such person he/she shall be informed of the terms of this Stipulated Protective Order;

    e. A Party's outside court reporter and/or copying, translating, exhibit preparation, and computerized litigation support and management services, with the condition that prior to any disclosure to such person he/she shall be informed of the terms of this Stipulated Protective Order; and

    f. The Court and Court personnel involved in this litigation.

5. The Parties and their attorneys shall take all steps reasonably necessary to ensure that no person provided access to confidential documents protected hereby (and information contained therein) shall use, disclose or record such document or information for any purpose other than the preparation or conduct of this case. Prior to any disclosure to such persons identified in Paragraphs 4(c), 4(d), or 4(e) above, such persons shall be informed of the terms of this Stipulated Protective Order.

6. A Party may challenge the propriety of a designation as "Confidential" at any time. In the event that any Party to this litigation disagrees at any stage of these proceedings with the designation by the Designating Party of any information as "Confidential" the Parties shall first try

to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the Objecting Party shall then be required to move the Court for an order removing the designated status of such information; however, the Designating Party shall have the burden of supporting the designated status. In the event the Parties disagree on the designation or treatment of any particular confidential information and are unable to resolve the disagreement, the Parties and their attorneys agree to treat the information as confidential unless and until such time as the Court rules otherwise.

7. Any Party, or an interested member of the public, can challenge the confidentiality of particular documents pursuant to this Stipulated Protective Order by filing a motion with the Court.

8. Nothing in this Stipulated Protective Order shall prevent any document or information from being used as an Exhibit to any Motion or from being offered into evidence at any trial.

9. Any "Confidential Information" filed in Court by either Party shall be filed under seal. Specifically, all "Confidential Information" shall be filed electronically using the sealed document feature in CM/ECF. No paper filings are allowed. Further leave of court is not required for parties to this case to file sealed documents electronically.

CDP
6/16/14

10. Nothing contained in this Stipulated Protective Order shall prevent disclosure of information or documents designated as "Confidential" beyond the terms of this Protective Order if

{00132359.1}                                3

all Parties, upon reasonable advance notice, in writing, consent to such disclosure, or if the Court, after notice to all Parties, orders such disclosure.

11. The inadvertent or unintentional disclosure of Confidential Information or documents containing Confidential Information, regardless of whether the information was designated at the time of disclosure, shall not be deemed to waive, in whole or in part, any of the Parties' claims of confidentiality, either as to the specific documents and/or information disclosed or as to any other information relating thereto or on the same or related subject matter. A Party having inadvertently or unintentionally disclosed Confidential Information not designated as such shall be entitled to identify such information or document containing such information as Confidential, and it shall be treated as Confidential from the date of such designation forward.

12. By agreement of the Parties, the terms of this Stipulated Protective Order shall apply not only to the Parties themselves, but also to any non-party or third party from which any depositions or discovery are obtained.

13. Within thirty (30) days of the conclusion of this case, including all appeals, and upon request of the producing party, all Confidential and proprietary information and/or documents produced by the Parties, including all copies, extracts and summaries thereof, shall be returned by the Parties and her/its attorneys to counsel for the Party who produced same. All such Confidential and proprietary information and/or documents shall be returned within ten (10) days of said request. Nothing in this paragraph shall require a Party or her/its attorneys to return any extracts, summaries, or notes of Confidential Information, which are attorney work product.

14. Insofar as the provisions of this or any other Protective Order entered in this action restricts the communication and use of the information or documents produced thereunder, this and any other Order shall continue to be binding after the conclusion of this litigation except that any

Party may seek the written permission of all Parties or further order of the Court with respect to dissolution or modification of this or any such Protective Order.

15. Nothing in this Protective Order shall prevent a party from freely using or disclosing information or documents containing information identified as Confidential by another Party, if that information: (a) is or becomes part of the public domain without fault on the part of the Party; (b) is lawfully obtained by the Party from any source (other than another Party) which source was free of any obligation to keep it confidential; (c) is previously known to the Party without an obligation to keep it confidential; (d) is independently developed by the Party without reference to Confidential Information as produced by another Party; or, (e) is required to be disclosed pursuant to law, regulation, judicial or administrative order or request by a governmental or other entity authorized by law to make such a request; provided, however, that the Party must first notify the Producing Party to enable it to seek relief from a requirement to disclose or produce the document or information.

16. This Stipulated Protective Order shall not be construed as a waiver of any objections that may be made at trial to the admissibility of any evidentiary material. This Stipulated Protective Order shall likewise not limit a producing Party's use or disclosure of documents containing that Party's own Confidential information. This Stipulated Protective Order shall likewise not act as a waiver of any privilege.

SO ORDERED on this 16th day of June, 2014:

*Catherine D. Perry*

Judge Catherine Perry
U.S. District Judge
Eastern District of Missouri

{00132359.1}                               5